# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

GREGORY K. HODGE §
 § Civil Action No. 4:18-CV-485
v. § (Judge Mazzant/Judge Nowak)
 §
COMMISSIONER, SSA §
 §

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 30, 2019, the report of the Magistrate Judge (Dkt. #19) was entered containing proposed findings of fact and recommendations that the final decision of the Commissioner of the Social Security Administration be affirmed. Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #20), and Defendant's Response (Dkt. #23), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

**OBJECTIONS TO REPORT AND RECOMMENDATION**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). Objections to a report must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b); *see also Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (explaining that if the party fails to properly object because the objections lack the requisite specificity, then de novo review by the court is not required.). In other words, a party objecting to a magistrate judge's report must specifically identify those findings to which he or she objects.

Moreover, the District Court need not consider frivolous, conclusory, or general objections. *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Plaintiff argues that the Magistrate Judge erred in finding that (1) the ALJ properly considered the physical functional limitations of consultative examiner Dr. Mahir Patel ("Dr. Patel"); (2) the ALJ fully and fairly developed the record (Dkt. #20 at p. 6); and (3) there was no conflict between the Dictionary of Occupational Titles ("DOT") and the testimony of the vocational expert ("VE") (Dkt. #20 at pp. 6–8).

*Findings of Dr. Patel and Plaintiff's Ability to Ambulate*

Plaintiff takes issue with the Magistrate Judge's conclusion that Dr. Patel's opinion finding "moderate" or "severe" limitations did not adequately describe Plaintiff's physical functional abilities (Dkt. #20 at p. 1). Regarding Plaintiff's functional limitations, Dr. Patel's consultative examination states:

> The claimant has *moderate limitations with sitting and standing, and moderate to severe limitations walking due to pain in the knees, hips and lower back*. The claimant does need an assistive device, a cane, with regards to long distances and uneven terrain. *The claimant has moderate to severe limitations* with lifting and carrying weight due to pain in the knees, hips and lower back. *There are limitations* on bending, stooping, crouching and squatting and so on and the claimant will be able to perform these infrequently due to pain in the knees, hips and lower back. There are no manipulative limitations on reaching and the claimant will be able to perform this frequently. *There are manipulative limitations* on the left side only on handling, feeling, grasping and fingering and the claimant will be able to perform these occasionally due to left wrist pain. *There are some relevant visual limitations* due to decreased bilateral visual acuity without corrective lenses.

(TR pp. 382–83) (emphasis added). Dr. Patel did not opine on or otherwise determine the applicability of any specific functional limitations—aside from the use of a cane for long distances or on uneven terrain. Classification of Plaintiff's impairments as "severe" or "moderate" in connection with Plaintiff's ability to ambulate does not demonstrate a specific, functional

2

limitation. The ALJ explained that because Dr. Patel did not adequately describe the claimant's residual functional abilities and because "severe" walking limitations were not consistent with other evidence in the file, Dr. Patel's opinion was given partial weight (TR p. 22). Plaintiff's contention that the ALJ's reasoning for assigning Dr. Patel's opinion partial weight—because the term moderate did not adequately describe a functional limitation—is "meritless" because the ALJ later derived an RFC is unavailing (Dkt. #20 at p. 2). As explained by the Magistrate Judge:

> As is evident from the record, Plaintiff's ability to ambulate without assistance and gait is sporadic. The ALJ directly addresses this point in his credibility finding…. While Plaintiff submits that Dr. Patel's finding of a "moderate to severe" limitation in walking does not equate to Dr. Harper's finding that Plaintiff has the ability to walk for 4 hours in an 8 hour work day [Dkt. 16 at 11], Plaintiff's RFC is neither an outright adoption of Dr. Patel, nor Drs. Harper and Hegde's opinions of Plaintiff's functional capacity [TR 21-22, 62-64, 73-76, 377-84] and as fact finder, the ALJ is entitled to resolve the inconsistencies in the record and opinion evidence—such as the walking limitations assessed by Drs. Harper and Patel. Plaintiff's primary contention essentially comes down to a disagreement with the ALJ's disposition of the evidence.

(Dkt. #19 at pp. 15–16) (internal quotations and citations omitted). Here, the ALJ did not adopt Dr. Patel's opinion when "it served the ALJ's purpose" (Dkt. #20 at p. 2); instead, the ALJ properly weighed the competing evidence and developed an RFC based on the findings of Dr. Patel and the other medical opinions in the record, including the state agency medical consultants (Drs. Harper and Hedge).

Plaintiff further continues to assert that the ALJ erred in not including the need for use of a cane in the RFC assessment (Dkt. #20 at pp. 2–6). In support of such argument, Plaintiff points to his history of edema and Dr. Patel's opinion that a cane would be needed for long distances and uneven terrain (Dkt. #20 at p. 3). Plaintiff's argument again quarrels with the disposition of the evidence. The ALJ's decision repeatedly notes numerous records regarding Plaintiff's gait and

3

ability to ambulate (TR pp. 16–19). In finding that Plaintiff's ability to ambulate without assistance and gait was sporadic and/or inconsistent the ALJ explained:

> The claimant has stated that he could not walk because of his legs. (Exhibit 9E/4). I note that this is inconsistent with the medical evidence in that the claimant's leg swelling seemed to occur when he was non-compliant with his edema medication (e.g., Exhibits 4F, 5F). Further, the record demonstrates that the claimant uses a cane inconsistently and the claimant's gait has been noted to be normal on many occasions (Exhibit 5F). The record is mixed as to motor loss with the consultative examination finding reduced strength but with no motor loss documents in more recent examinations (Exhibits 3F, 5F).

(TR p. 21). Notwithstanding, Plaintiff posits that the prescription of a cane demonstrates that it was "required" and thus the ALJ erred (Dkt. #20 at p. 4). However, the nurse's notation prescribing Plaintiff a cane does not indicate how long the cane was needed or otherwise detail the necessity of the prescription aside from noting that Plaintiff requested a cane and then one was subsequently prescribed (TR pp. 326–27). Plaintiff proffers no authority that the single prescription, with minimal notation, controls over the rest of the evidence in the record; especially when other records demonstrate sporadic use and an ability to ambulate unassisted—as explained by the ALJ in the credibility determination. Evidentiary conflicts are for the Commissioner, not the courts, to resolve; courts "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute our own judgment for that of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (alteration in original).

Furthermore, Plaintiff's argument that "the need to use a cane on a sporadic or inconsistent basis should have been presented to the VE" is similarly unavailing (Dkt. #20 at p. 4). The ALJ need only include those limitations recognized by the ALJ in the RFC determination into the ALJ's hypothetical to the VE. Had Plaintiff perceived an error in the ALJ's hypothetical—such as not including the need for a cane and/or sporadic use of a cane—it was incumbent on the Plaintiff to

raise such issue on cross examination. Plaintiff failed to do so. *See Gomez v. Colvin*, No. EP-14-CV-0163-LS, 2016 WL 3064145, at *7 (W.D. Tex. May 26, 2016). Plaintiff's objections are overruled.

*Duty to Develop the Record*

Plaintiff next objects to the Magistrate Judge's conclusion that Plaintiff "fails to explain how Dr. Li's November 29, 2016 progress notes support the more extreme degree of functional limitations urged by Plaintiff or how such notes would have affected the SAMC's RFC opinions" (Dkt. #20 at p. 6). Plaintiff contends that "because the testing recommended by Dr. Li was not ordered, the effect of [Plaintiff's] cirrhosis and positive hepatitis C antibody could not be judged," and thus the ALJ erred in developing the record (Dkt. #20 at p. 6). The Commissioner argues that it is the Plaintiff "who has the burden of proving that he is disabled and the duty to obtain medical records in the first instance," "the ALJ's duty to develop [the record] does not require him to assume the role of claimant's advocate," and the ALJ had already sufficiently developed the record by obtaining two consultative examinations (Dkt. #23 at p. 4). The Court agrees with the Commissioner. As explained in the report:

> "The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure that his decision is an informed decision based on sufficient facts." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). "To determine whether the ALJ fully and fairly developed the record, [the Court] asks whether the record contained sufficient evidence for him to make an informed decision. So long as such evidence exists, the ALJ need not have supplemented the record with additional evidence." *Hernandez v. Astrue*, 269 F. App'x 511, 515 (5th Cir. 2008) (citing 20 C.F.R. §§ 404.1516, 416.916). Generally, however, the duty to obtain medical records (in the first instance) is on the claimant. *See Thorton v. Schweiker*, 663 F.2d 1312, 1316 (5th Cir.1981).
>
> Here, Plaintiff had already been sent for two consultative examinations and consultative x-ray(s) [TR 371-385]. Plaintiff fails to show that a third consultative examination was necessary to enable the ALJ to make a disability decision…. In the instant case, although Plaintiff discusses that liver disease—specifically ascites and hepatocellular carcinoma—is significant and life-threatening, he fails to

5

> indicate how his cirrhosis affects his ability to work and/or explain how any potential evidence from a third consultative examination would change the ALJ's findings, merely alluding that a potential result of further testing might be the identification of additional impairments [Dkt. 16 at 15]. Dr. Li, upon whose progress notes Plaintiff bases his argument, did not proffer an opinion that Plaintiff had any functional limitations, indicating only that "[w]e will need to proceed with a repeat ultrasound of the right upper quadrant to rule out ascites and also to rule out hepatocellular carcinoma for this patient as patient's last ultrasound examination was almost a year ago" [TR 460]. Such a statement does not indicate a further examination was necessary to enable the ALJ to make a decision.

(Dkt. #19 at pp. 19–20). Plaintiff's objection is overruled.

*Testimony of the VE*

Plaintiff lastly objects that the VE's testimony conflicts with limitations set forth in the ALJ's hypothetical question. Specifically, Plaintiff contends that the ALJ's limitation to four hours of standing and/or walking during an eight-hour workday would limit Plaintiff to sedentary work, and thus, the VE's testimony that Plaintiff could perform occupations at the light exertional level conflicts with the DOT (Dkt. 20 at pp. 6–8). The Commissioner responds that "Plaintiff's argument is flawed because he relies on the definition for the full range of light work found in Social Security Ruling 83-10, and incorrectly applies the definition to all the light jobs that the vocational expert named" (Dkt. #23 at p. 5). Notably, the ALJ never found Plaintiff capable of performing the full range of light work. Instead, the ALJ limited Plaintiff to a *reduced* range of light work by reducing his walking and/or standing restriction to four hours in an eight-hour day (TR p. 43) as opposed to the normative six hours in the regulation's definition. The DOT lists the maximum requirements of an occupation. SSR 00-4P, 2000 WL 1898704, at *3. The VE was consulted precisely because the additional limitation of standing and/or walking for four hours in an eight-hour workday would necessarily erode the light occupational base of work (TR p. 23). The ALJ's hypothetical to the VE explicitly asked the VE to consider:

a hypothetical individual of the claimant's age and education and with no past work. Further assume the *individual is limited to the light exertional level. Limited to combined standing and walking of four hours in an eight-hour workday*. Limited to occasional climbing of ramps and stairs, ladders, ropes and scaffolds, balancing, stooping, kneeling, crouching and crawling and handling and fingering with the non-dominate upper extremity. And, limited to understanding, remembering and carrying out simple tasks and instructions.

Could that hypothetical individual perform any work available in the national economy and, if so, can you give me a few examples? *If you could limit your response to jobs at light, if any.*

(TR p. 43) (emphasis added). By asking the VE to limit his responses to "light, if any" the ALJ clearly recognized an erosion of the light occupational job base given the additional limitations. However, even considering the additional limitations, the VE found that such an individual could still perform positions at the light exertional level including laundry folder (DOT 369.687-018), parking lot cashier (DOT 211.462-010), and assembler (DOT 706.684-022) (TR p. 44). Plaintiff did not object to the testimony of the VE or ask any questions on cross examination related to the VE's conclusion. Moreover, the DOT does not indicate that any of the above-named positions require more than four hours of standing and/or walking; accordingly, there is no apparent conflict and the ALJ was entitled to rely on the VE's testimony. Plaintiff's objection is overruled.

## CONCLUSION

Having considered Plaintiff's Objections (Dkt. #20), all other relevant filings, and having conducted a de novo review, the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #19) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED**.
**SIGNED this 27th day of September, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE